UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOMINICK DeROSA,

     Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE COMMISSIONER RAYMOND KELLY,
NYPD POLICE OFFICER TIMOTHY CINQUE,
NYPD SGT. ROBERT KROHLEY, and POLICE
OFFICER "JOHN DOE", name being fictitious and
Intended to represent a Police Officer(s) in the employ
Of The CITY OF NEW YORK POLICE DEPARTMENT,
whose identities are not yet known.

     Defendant.

CV12 3114

Verified Complaint

Plaintiff Demands Jury Trial

IRIZARRY, J.
GO, M.J.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dominick DeRosa, by and through his undersigned counsel, as and for his Complaint in this action, hereby alleges as follows:

### NATURE OF THE CLAIMS

The plaintiff brings this action against all defendants pursuant to 42 USC Section 1983 and 1988 to redress deprivations under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks an award of attorney's fees and costs pursuant to 42 USC Section 1988 and pursuant to any other laws that may apply. This action also includes claims for malicious prosecution and abuse of process. The Plaintiff respectfully alleges and asserts the following claims against the defendants in the above-entitled action:

(1) Violation of 42 U.S.C. 1983: Wrongful Imprisonment;

(2) Violation of 42 U.S.C. 1983: Arrest;

(3) Violation of 42 U.S.C. 1983: Detention and Confinement;

(4) Violation of 42U.S.C. 1983: Conspiracy;

(5) Refusing or neglecting to prevent;

(6) Intentional Infliction of Emotional Distress;

(7) Conspiracy;

(8) Defamation.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC Section 1983 and 1988 to redress plaintiff's rights under the Constitution of the United States.

2. All the actions, omissions and events complained of herein took place in the County of Queens, State of New York, and within the venue of this Court.

3. The amount in controversy, exclusive of interest and costs, exceed the sum of $150,000.

## PARTIES

4. The Plaintiff Tafari Excell is a resident of Queens County, State of New York.

5. Defendant City of New York, is a body public and corporate, duly organized and existing under the laws of the State of New York and pursuant to law is capable of being sued in this Court. Defendant, City of New York, is responsible for the policies, practices and customs of the Police Department, as well as the

hiring, training, supervision, control and discipline of its police officers. Defendant, City of New York, is and was the employer of the personnel named herein as individual defendants. Defendant, City of New York, is also responsible for the operation, practices and totality of the Police Department of the City of New York.

6. The City of New York act or fails to act through <u>its policy-making officials,</u> including, but not limited to, its City Council, the Police Commissioner of the City of New York; the acts and edicts of these policy-making officials represent also the policies and practices and customs of the City of New York. Defendant, Raymond Kelly, is and was responsible for establishing or failing to establish the policies, practices, and regulations for the conduct of the City of New York Police Department and its employees. The defendant, Police Commissioner, is and was responsible for the hiring, training, supervision, discipline and control of all members of the City of New York Police Department. The Defendant, Police Commissioner, is and was the Commanding Officer of all other City of New York personnel named herein as individual defendants. Defendant, Police Commissioner, is and was constitutionally and statutorily responsible also for the operation, practices and totality of the conditions of the City of New York Police Department. The defendant, Police Commissioner, at all times herein, was acting in such capacity as the agent, servant and employee of the City of New York. The defendant Police Commissioner, Raymond Kelly, is sued individually and in his official capacity. The Defendant, Police Commissioner, has a constitutional and statutory responsibility for the practices of the City of New York Police Department, and the defendant, Police Commissioner, is responsible for insuring that all police officers in the City of

New York Police Department obey regulations of the City of New York Police Department, the ordinances and laws of the City of New York, the laws and Constitution of the State of New York and the United States. The defendant, Police Commissioner, is and was responsible also for the establishment of policies, procedures, and guidelines for the investigation of the criminal allegations, arrest and jailing of detainees at various precincts in the City of New York.

7. The defendants, Police Sgt. Robert Krohley, Police Officer Timothy Cinque and Police Officer(s) John Doe(s) at all times hereinafter referred to are police officers employed by the City of New York Police Department, and were at all times acting in such capacity as the agents, servants and employees of the City of New York Police Department and/or the City of New York. They are sued individually and in their official capacity.

8. The fictitious defendants named herein as John Doe(s) are police officers or detectives, employed by the City of New York Police Department thereof and were at all times acting in such capacity as the agents, servants and employees of the City of New York Police Department. They are sued individually and in their official capacities. The identities of these fictitious defendants are unknown to plaintiff who will seek leave to substitute their actual identities when same become known.

9. At all times relevant hereto and in all of their actions described herein, each defendant is and was acting under color of law, State authority, statute, custom or usage and pursuant to their official authority. All of the actions were done intentionally.

## FACTS OF THE CLAIM

10. On or about June 1, 2007, at approximately 4:00 O'clock in the afternoon at 60-11 Metropolitan Avenue, County of Queens, City of New York, a masked individual entered the premises and robbed three individuals of money among other items. One of the victims, Doreen Healy, (the other two were Richard Thompson and Martin Viviano) stated that the person who committed the crime was wearing "…a gray sweater, gray and back striped sweater with light color blue jeans and white sneakers. Ms. Healy also stated that the person who committed the crime had a "sort of like a Spanish accent." (page 7, Queens County Grand Jury 2nd Add'l 6th Term 2007, Indictment No. 1557/2007).

11. All of three of the individuals who were robbed knew the plaintiff, Dominick Derosa, and all of those individuals stated that they did not know the person who robbed them.

12. Doreen Haley stated that the robber was "…wearing a black ski mask".

13. Sgt. Robert Krohley and Police Officer Timothy Cinque arrested Plaintiff Dominick DeRosa while he was driving his car and he was wearing a blue shirt, brown shorts and black boots. Mr. DeRosa is Italian and does not have a "Spanish Accent".

14. Police Officer Cinque stated that the police dispatcher description of the robber was "…male Hispanic, chubby, wearing a gray sweat shirt …".

15. New York City Police Officer Mattern, Shield No. 14850, found a gray sweat shirt at the building that Doreen Healy lived in. Doreen Healy identified the gray sweat shirt as the shirt that the robber was wearing.

16. Police Officer Cinque stated in his examination before trial testimony that the gray sweat shirt that was identified as the shirt the robber wore was taken to the Police Crime Lab and tested for DNA matches. The results were never made available to the Plaintiff, Dominick DeRosa nor his attorneys.

17. The Plaintiff, Dominick DeRosa, was falsely arrested and by Sgt. Krohley and Police Officer Cinque and charged with first degree burglary even though the Plaintiff does not have a "Spanish Accent", he was not wearing the clothes that the robber allegedly was wearing and the gray sweat shirt that the robber allegedly was wearing did not test positive for his DNA.

18. On or about June 2, 2007 a New York City Newspaper (New York Newsday) reported that Plaintiff Dominick DeRosa had been arrested for the Robbery mentioned above. This held the Plaintiff out to the ridicule and scorn of the people in his community, and severely injured his reputation .

19. On June 22, 2009, the Supreme Court of the State of New York for Queens County dismissed case number 01557-2007and all pending criminal charges related to this criminal indictment. The defendant was discharged from the jurisdiction of the Court. The Plaintiff, Dominick DeRosa, had been falsely imprisoned for over 18 months.

20. The Plaintiff Dominick DeRosa has been diagnosed with Post-Traumatic Stress Disorder as a result of his wrongful and false imprisonment. Post Traumatic Stress Disorder is a permanent injury that that has adversely afflicted the Plaintiff.

### AS AND FOR CLAIMS ALLEGING A VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 USC SECTION 1983, 1988

21. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 18 above with the same force and effect as if herein set forth.

**COUNT 1: VIOLATION OF 42 U.S.C. 1983: WRONGFUL IMPRISONMENT**

22. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. 1983, 1986 and 1988. The defendants, by having unlawfully and illegally detained and forcibly shackled the Plaintiff without probable cause, deprived the Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, all of which was in violation of 42 U.S.C. section 1983. The rights of the Plaintiff as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the U.S. Constitution have been violated.

23. Acting under color of law, Defendants City of New York, NYPD Sgt. Robert Krohley, and Police Officer Timothy Cinque worked a denial of Plaintiff Dominick DeRosa's rights, privileges or immunities secured by the United States Constitution or by Federal law. (Soto v. Flores, 103 F.3d 1056, 1061, 1997) In addition the defendants acted under the pretense and color of State Law and in their individual official capacities. The acts of the defendants were without authority of law and constituted a severe abuse of their powers. The defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights as secured by 42 U.S.C. section 1983 and by the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution and

(a) By depriving the Plaintiff Dominick DeRosa of his liberty without due process of law, by taking him into custody and holding him against his will.

(County of Sacramento v. Lewis, 523 U.S. 833, 1998)

(b) By making an unreasonable search and seizure of his property without due process of law.

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny and withhold equal protection of laws.

(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution of the United States.

24. Based upon the allegations as set forth herein, Defendants City of New York, and individual defendants Police Sgt. Robert Krohley, Police Officer Timothy Cinque and Police Officers John Doe(s) violated Plaintiff's civil rights to be free from wrongful imprisonment, excessive use of force, and intentional infliction of emotional distress which the plaintiff to develop Post Traumatic Stress Disorder.

25. As a result of their concerted, unlawful and wrongful imprisonment of the Plaintiff, Dominick DeRosa, by the defendants, NYPD Sgt. Robert Krohley, Police Officer Timothy Cinque and City of New York, their their servants and employees in the New York Police Department, the Plaintiff, Mr. DeRosa, was derived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

WHEREFORE, the Plaintiff demands judgment for Wrongful Imprisonment against all of the Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000 and further demands against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the cost of this action, including attorney's fees, and such other relief deemed to be just and equitable. "Punitive damages are recoverable in section 1983 suit where defendant's conduct is motivated by an evil intent or involves reckless or callous indifferences to plaintiff's federally protected rights. See Smith v. Wade, 461 U.S. 30, 50-51, (1983)

### COUNT 2: VIOLATION OF 42 U.S.C. 1983: ARREST

**27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.**

**28. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sections 1983, 1986 and 1988. The defendants, by having unlawfully and illegally detained and forcibly shackled the Plaintiff without probable cause, deprived the Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States, all of which was in violation of 42 U.S.C. section 1983. The rights of the Plaintiff as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the U. S. Constitution have been violated.**

**29. Acting under color of law, defendants City of New York, NYPD Sgt. Robert Krohley and Police Officer Timothy Cinque worked a denial of the plaintiff, Dominick DeRosa' rights, privileges and immunities secured by the United States**

Constitution or by the United States Constitution or by Federal Law. (Sotov.Flores, 103 F.d 1056, 1061, 1997

30. As a result of their concerted, unlawful and wrongful imprisonment of the Plaintiff, Dominick DeRosa, by the defendants NYPD Sgt. Robert Krohley, Police Officer Timothy Cinque and the City of New York, their servants and employees in the New York Police Department. The Plaintiff, Dominick Derosa, was deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 19.

WHEREFORE, the Plaintiffs demands judgment for false Arrest against all of the defendants, jointly and severlly, for actual, general special and compensatory Damagesin the amount of $500,000.

### COUNT 3: VIOLATIONS OF 42 U.S.C. 1983:DETENTION AND CONFINEMENT

31. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

32. As a result of their concerted, unlawful and malicious detention and confinement of Plaintiff Dominick DeRosa , Police Officer Timothy Cinque and Police Sgt. Howard Krohley deprived Plaintiff Dominick DeRosa of both his right to his liberty without due process of the law and his right to the equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments

to the Constitution of the United States and 42 U.S.C. Section 1983. The police failed to provide the DNA analysis of the gray sweat shirt that the alleged robber was wearing.

WHEREFORE, Plaintiff DeRosa demands judgment for the false detention and confinement against all the defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 4: VIOLATIONS OF 42 U.S.C 1983: CONSPIRACY

33. Plaintiff DeRosa repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. Upon information and belief, the defendants have engaged in a long standing and pervasive pattern of constitutionally offensive conduct including the knowing harassment and prosecution of individuals without probable cause or authority, and the repeated use of excessive force and abuse, in purportedly performing their duties as employees of the Defendant City of New York.

35. Upon information and belief, the defendants have engaged in a long pattern of conspiracy and constitutionally offensive conduct, in arresting individuals without foundation or probable cause. The investigation conducted by the Police authorities found that there were no fingerprints on the firearm and that Richard Guppy owned the weapon and it was found in his car in the console right next to his drivers seat.

36. As a result of their concerted, unlawful and malicious conspiracy of

defendants Police Officer Timothy Cinque and Police Sgt Krohley, Plaintiff Dominick DeRosa was deprived of both his liberty without due process of law, his right to equal protection of the laws and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983 and 1985.

WHEREFORE, the Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally for actual, jointly and severally, general, special and compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000 plus the costs of this action including attorney's fees, and for such other relief deemed to be just and equitable.

**COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT**

37. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. At all times relevant to this complaint, Defendants Police Officer Timothy Cinque and Police Sgt. Howard Krohley were police officers employed by the New York (City) Police Department and were acting under the control and direction of the New York (City) Police Department and it's command brass and supervisory staff.

39. Acting under the color of law and pursuant to official policy or custom, the New York (City) Police Department, the Police Commissioner, command senior brass and supervisory staff knowingly recklessly or with gross negligence failed to properly supervise, control, discipline monitor on a continuing basis, and failed to take any

remedial steps to train, supervise, monitor or discipline the individual defendants, to prevent the type of conduct to which they subjected the Plaintiff. By reason of the foregoing the Defendant City of New York and their police officers Timothy Cinque, Sgt. Krohley and Police Officer John Doe engaged in an official policy, practice and custom which resulted in the unconstitutional behavior and performance of their duties and the result was the following:

(a) unlawfully and maliciously harassing a citizen who was acting within and in accordance with his constitutional and statutory rights, privileges and immunities;

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities and who was in fact innocent of any wrongdoing;

(c) conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the U.S. Constitution and the laws of the United States of America; and

(d) otherwise depriving the Plaintiff of his constitutional and statutory rights, privileges and immunities.

40. Defendants City of New York, the New York City Police Department and the New York City Police Commissioner had the knowledge or they failed to fully exercised those duties to instruct, supervise, control, and discipline on a continuing basis, should have had the knowledge to realize the wrongs that were conspired to be done, as heretofore alleged, were about to be committed. The City of New York, the New York City Police Department and the Police Commissioner had the power to prevent or aid in preventing the commission of said wrongs, where they could have known by reasonable diligence, and knowingly, recklessly or with negligence failed or refused to due so.

41. Defendants City of New York, the New York City Police Department and the New York Police Commissioner directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendant officers heretofore described.

42. As a direct result of and proximate cause of the negligent and intentional acts of Defendants City of New York, the New York City Police Department and the New York City Police Commissioner, as set forth in paragraphs above, Plaintiff suffered physical loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and federal law 42 U.S.C. 1983.

WHEREFORE, plaintiff demands judgment against all the Defendants jointly and severally for actual, special and compensatory damages in the amount of $500,000 and further demands judgment against said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiff Derosa repeats, realleges and incorporates by reference the allegations in paragraph 1 through 42 above with the same force and effect as if herein set forth.

44. Defendants intentionally and deliberately inflicted emotional distress on the plaintiff, Dominick Derosa, by maliciously prosecuting Mr. DeRosa, or by abusing the lawful process by unlawful purpose, or by violating Mr. DeRosa's constitutional rights by falsely arresting and imprisoning the plaintiff for more than one year and ten months, by

conspiring against Mr. DeRosa, or by interfering with the plaintiff's state civil rights by threats, coercion or intimidation and the Defendants knew or should have known that emotional distress and post traumatic stress disorder was the likely result of their conduct.

45. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and absolutely and totally intolerable in a civilized community.

46. The actions of the Defendants were the cause of Mr.DeRosa's distress.

47. The Plaintiff, Mr. Dominick Derosa, is a reasonable man.

48. The emotional distress sustained by Mr. DeRosa was severe and of a nature that no reasonable man could be expected to endure.

49. As a result of the Defendants' extreme and outrageous conduct and behavior, the Plaintiff was, is and high likelihood, will continue to be emotionally distressed due to the intentional exclusion and one year and ten months confinement in prison for a crime that the plaintiff did not commit.

50. As a result of the Defendants' extreme and outrageous conduct, Mr. DeRosa has and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, post traumatic stress disorder and depression.

51. Defendants, City of New York, the New York City Police Department and the Police Commissioner, are also liable..

WHEREFORE, the Plaintiff Tafari Excell, demands judgment against Defendants City of New York, the New York City Police Department, Officer Jared Tepperman and Sgt. Goodman for injunctive relief and actual, special, compensatory and punitive damages, including attorney's fees, court costs, expenses and interest in an amount deemed at the time of trial to be just, fair and appropriate.

## COUNT 7: CONSPIRACY

52. **Plaintiff,** Mr. DeRosa, repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 51 above with the same force and effect as if herein set forth.

53. All of the Defendants:

   a. had an object to be accomplished;

   b. had an agreement on the object or course of action;

   c. performed one or more unlawful overt acts; and

   d. caused Mr. DeRosa damages that were a result of those acts.

54. In furtherance of their object defendants did two or more overt acts against the plaintiffs. Those overt acts include, but, are not limited to, the following:

   (a) Officer Timothy Cinque and Sgt. Robert Krohley knew or should have investigated the crime further and arrested the person that was the actual person who committed the robbery.

   (b) The Defendants agreed that the object or course of action was to arrest, detain and confine the Plaintiff without probable cause, and maliciously charge and prosecute the plaintiff with alleged crimes.

55. The Defendants, City of New York, New York City Police Department and the New York City Police Commissioner are liable because they failed to properly train supervise, monitor and/or discipline their Police Officers..

56. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff Dominick DeRosa demands judgment, including interest, joint and severally against all of the Defendants, City of New York, and the Individual

Police Officers Cinque and Krohley and requests compensatory damages in a sum of Three Million Dollars and punitive damages in the amount of Three Million Dollars attorney's fees, costs, expenses and interest and such other and further relief in an amount deemed by this court to be just, fair, appropriate and equitable.

**DATED: New York, New York
June 21, 2012**

                                          **Respectfully Submitted,**

                                          */s/ Herbert Moreira-Brown, Esq.*
                                          **Herbert Moreira-Brown, Esq.**
                                          **Attorney for Plaintiff**
                                          4200-26 Hutchinson River
                                          Parkway East, Suite 26c
                                          Bronx, New York 10475
                                          (917) 328-3213

**Address of Defendants:**
**City of New York**
**N. Y. C. Police Officer Timothy Cinque**
**N.Y.C. Police Sgt. Robert Krohley and**
**N.Y.C. Police Officer John Doe**