

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ANDREW G. OWEN
*Special Assistant Corporation Counsel*
phone: (212) 341-2652
fax: (212) 788-9776
email: aowen@law.nyc.gov

December 26, 2012

**BY MAIL**
Hon. Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:    Dominick Derosa v. The City of New York, et al.
                12-cv-3114 (FB) (VMS)

Your Honor:

        I am a Special Assistant Corporation Counsel with the New York City Law Department defending The City of New York and Commissioner Kelly in the above-referenced case. Dominick Derosa brings this action pursuant to 42 U.S.C. §§ 1983, 1988 and the laws of the State of New York, alleging that on or about June 1, 2007, defendants violated his civil rights. Pursuant to Your Honor's individual rules defendants now write to respectfully request the Court's permission to file a motion to dismiss the complaint in its entirety under FED. R. CIV. P. 12(b)(5) and (6) for: 1) failure to state a claim against the City and Kelly; 2) insufficient service of process against the remaining individual defendants; and 3) failure to comply with New York General Municipal Law § 50-i and the applicable statutes of limitation.

Plaintiff Fails To State A Claim Against The City And Kelly

        In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). Plaintiff must prove the existence of a custom or policy to first demonstrate that the municipality took some action, and then plaintiff must establish an affirmative link between that policy and the alleged constitutional deprivation. See Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). Therefore, in order to establish municipal liability, plaintiff must prove that an identified municipal policy or practice was "the moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. Here, plaintiff simply alleges that the City failed to train and supervise its personnel. See Compl. ¶ 6. However, plaintiff fails to state any facts whatsoever in support of this claim or tying this

claim to his alleged constitutional violation. The Second Circuit has held that "the simple recitation that there was a failure to train municipal employees . . . does not suffice to allege that a municipal custom or policy caused the plaintiff's injury in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Therefore, plaintiff's claims against the City should be dismissed.

Regarding plaintiff's claims against Commissioner Kelly, who is sued in his official and individual capacities, Compl. ¶ 6, it is well settled that a "state official sued in his official capacity is not a person within the meaning of Section 1983, and, consequently, is not subject to liability for depriving a person of constitutional rights." Perez v. City of New York, No. 07-CV-10319, 2009 U.S. Dist. LEXIS 50066, at *11 (S.D.N.Y. June 8, 2009) (citations omitted). Further, plaintiff fails to allege any personal involvement by Kelly in plaintiff's arrest or prosecution. See Compl. ¶¶ 10-17. Personal involvement in a constitutional violation is a prerequisite to an award of damages under § 1983 in this Circuit; a defendant may not be held liable merely because he holds a high position of authority. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). In fact, such unsupported allegations against high-ranking officials are routinely dismissed in these circumstances. See, e.g., Jackson v. County of Nassau, No. 07-CV-0245 (JFB) (AKT), 2009 U.S. Dist. LEXIS 11547, at *7-*10 (E.D.N.Y. Feb. 13, 2009) (denying leave to amend to name a police commissioner as a defendant where complaint was "devoid of specific factual allegations" against him). Therefore, plaintiff's claims against Kelly should be dismissed.

Plaintiff Failed To Timely And Properly Serve The Remaining Defendants

Although the City does not at this time represent the individual defendants Krohley, Cinque and the unidentified John Does,[1] they should be dismissed from the complaint because they were not properly and timely served. The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Here, plaintiff filed the complaint on June 21, 2012, one day before the three-year statute of limitations expired on all of his federal claims. Therefore, in order to timely serve the individual defendants he must have done so by October 19, 2012—but he did not. On

---

[1] Regarding the unidentified John Doe defendants plaintiff names in the complaint, amendment under FED. R. CIV. P. 15(c) would be futile as the time period provided by Rule 4(m) has expired and these unidentified defendants could not possibly have received notice of the action or be reasonably expected to know that it was brought against them. See FED. R. CIV. P. 15(c)(1)(C); Rodriguez v. City of New York, No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *18-*28 (S.D.N.Y. Sept. 7, 2011) (denying leave to amend to add an individual defendant after the statute of limitations had expired because lack of knowledge of the identity of a proper defendant is not a mistake for purposes of relation back under Fed. R. Civ. P. 15(c)).

November 29, 2012, Magistrate Judge Vera M. Scanlon granted plaintiff a *sua sponte* extension of his time to serve them until December 20, 2012. Judge Scanlon further ordered that:

> Plaintiff must electronically file the return of service on or before 12/27/2012. Plaintiff is reminded that this Court may sua sponte dismiss an action without prejudice for failure to effectuate timely service. When service has been completed, plaintiff should promptly electronically file the return. If timely service cannot be made by the new deadline set, plaintiff may move the Court to extend the time for service by letter application filed electronically.

Dkt. No. 3. However, it is now December 26, 2012, and according to the docket sheet plaintiff failed to comply with the Court's order either by serving the individual defendants or by moving for an extension of his time to do so by the Court's December 20, 2012 deadline. Therefore, plaintiff's claims against the individual defendants should be dismissed.

### Plaintiff's State Law Claims Are Barred

Plaintiff failed to comply with New York General Municipal Law § 50-i and the applicable statutes of limitation regarding his state law claims for intentional infliction of emotional distress, defamation and conspiracy. Compl. ¶¶ 18, 43-51. The causes of action for all state law claims arguably accrued on or before the date of plaintiff's release from confinement on June 22, 2009. Compl. ¶ 192. Therefore, in order to comply with N.Y. General Municipal Law § 50-i(1), plaintiff would have had to file this lawsuit on or before September 22, 2010. See Urena v. City of New York, 633 N.Y.S.2d 391, 391 (N.Y. App. Div. 2d Dep't 1992) (explaining that the failure to comply with this condition precedent is grounds for dismissal of the action). However, although plaintiff filed a notice of claim on or about September 11, 2009, he filed the federal complaint on June 21, 2012, well beyond the required deadline. See Compl. Therefore, plaintiff's state law claims should be dismissed.

Thank you for your time and attention to this matter.

Respectfully,

*Andrew Owen*

Andrew G. Owen

BY MAIL
Cc: Herbert Moreira-Brown, Esq.
*Attorney for Plaintiff*

Magistrate Judge Vera M. Scanlon