UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
DOMINICK DeROSA,

                              AMENDED
                                 COMPLAINT and
            PLAINTIFF,      DEMAND for JURY
                                 TRIAL

           -against-             INDEX NUMBER
                                 CV 12  3114

The CITY OF NEW YORK, Police Officer ROBERT KROHLEY,
Police Officer Mattern, Shield No. 14850, and POLICE OFFICERS
"JOHN DOE #1-5, (said name being fictitious as the true names
are presently unknown) and Intended to represent a police officers
in the employ the New York City Police Department, Individually
and in their Official Capacities,

                           DEFENDANTS.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dominic DeRosa, by and through his attorney, Herbert Moreira-Brown, Esq., complaining of the defendants, hereby respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Sections 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, Police Officer Robert Krohley, Police Officer Mattern, Shield No. 14850 and Police Officers Police Officers "JOHN DOE" #1-5 (SAID NAMES BEING FICTITIUOS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of the Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

1

## JURISDICTION

2. This is an action brought pursuant to the provisions of Sections. 42 U.S.C. 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. sections 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the Federal District in which this claim arose.

## TRIAL BY JURY DEMAND

6. The Plaintiff demands trial by jury on each and every one of his claims as pled pursuant to Federal Rules of Civil Procedures 38(b) in this action.

## PARTIES

7. At all times mentioned, the plaintiff Dominick De Rosa, was a resident of Queens County and still is domiciled and a resident of the County of Queens, City and State of New York, located in the Eastern District of New York.

8. At all times hereinafter mentioned, defendant THE CITY OF NEW YORK

2

(hereinafter referred to as "Defendant New York City") was and still is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants. The Defendant New York City by virtue of, and under and pursuant to the Laws of the State of New York and the Charter and Administrative Code, created and operated a Police Department for the benefit and protection of its citizens.

9. At all times relevant to this action, defendant's Police Officers Robert Krohley, P.O Mattern, and Police Officers "JOHN DOE"#1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulation, policies, customs and usages of the NYPD and Defendant New York City, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. The defendant New York City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and /or employees of the NYPD.

### FACTS OF THE CLAIM

12. On or about June 1, 2007, at approximately 4:00 O'clock in the afternoon at 60-11 Metropolitan, County of Queens, City of New York, a masked individual entered the premises and robbed three individuals of money among other items. One of the victims,

3

Doreen Healy, (the other two were Richard Thompson and Martin Viviano) stated that the person who committed the crime was wearing "…a gray sweater, gray and black striped sweater with light color blue jeans and white sneakers. Ms. Healy also stated that the person who committed the crime had a "sort of a Spanish accent." (page 7, Queens County Grand Jury 2nd Add'l 6th Term 2007, Indictment No. 1557,2007).

13. All three of the individuals who were victims of the robbery knew the plaintiff, Dominick De Rosa, and all three of the victims stated that they did not know the identity of the person who committed the robbery.

14. Doreen Haley stated that the perpetrator was "…wearing a black ski mask".

15. Martin Viviano, an alleded victim of the crime that Plaintiff was charged with committing, allegedly ran after the perpetrator and stated he saw the perpetrator get into a car. He was too far away to see the license plate number but alleges that a third party wrote the license plate number and gave it to him. The police officers never interviewed the person who allegedly wrote the license plate number down nor did they ever get the piece of paper that the license plate number was written on. They just took the word of Martin Viviano, a heroin and crack cocaine addict, who was intellectually challenged. The NYPD relied on hearsay to WRONGLY charge the Plaintiff with robbery. This is a clear violation of both New York State and U.S. criminal laws. The Defendant New York City relies on indicting and/or wrongly convicting the wrongly accused to insulate itself from civil liability and monetary damages.

16. NYPD Police Officer Robert Krohley arrested Plaintiff Dominick De Rosa while he was driving his car and he was wearing a blue shirt, brown shorts and black boots. Mr. De Rosa is Italian and does not have a "Spanish Accent". The perpetrator was wearing

4

17. New York Police Officer Mattern, Shield No. 14850, found a gray sweat shirt at the building that Doreen Haley lived in. Doreen Healy identified the gray sweat shirt as the shirt that the robber was wearing.

18. The gray sweat shirt that was recovered by Officer Mattern was sent to the NYPD Police Crime Lab and tested for DNA matches. The results were never made available to the Plaintiff, Dominick De Rosa, and the DNA found on that sweater did not belong to the plaintiff. Thus there was no probable cause for the arrest.

19. On or about June 2, 2007, a New York City Newspaper (New York Newsday) reported that plaintiff Dominick De Rosa had been arrested for the Robbery mentioned above. This held the Plaintiff out to the ridicule and scorn of the people in the community and severely injured his reputation. Some of the people who were on the Grand Jury that indicted the Plaintiff had also read accounts of the robbery that implicated the plaintiff.

20. On June 22, 2009, the Plaintiff was exonerated of all charges when the Supreme Court of the State of New York for Queens County dismissed case number 01557-2007 and all pending criminal charges related to this criminal indictment and the defendant was discharged from the jurisdiction of the Court. The Plaintiff, Dominick De Rosa, had been wrongly imprisoned for over 18 months.

21. The Plaintiff, Dominick De Rosa, has been diagnosed with Post-Traumatic Stress Disorder as a result of his wrongful imprisonment. Post Traumatic Stress Disorder is a permanent injury that has adversely afflicted the Plaintiff.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

22. The Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in paragraphs 1 through 20 with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

24. All of the aforementioned acts deprived Plaintiff, DOMINICK DEROSA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. Section 1983.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant New York City and of the NYPD, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his or her respective municipality/authority, which is forbidden by the Constitution of the United States. The Defendant New York City has displayed deliberate indifference toward a widespread practice of unconstitutional arrests by officers of the NYPD.

27. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF:
### CONSPIRACY TO VIOLATE PLAINTIFFS CIVI RIGHTS

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

6

paragraphs 1 through 26 above with the same force and effect as if fully set forth herein.

29. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to deny the Plaintiff and his criminal defense attorney the results of the DNA analysis that would have shown that the Plaintiff was not the person who wore the sweater of the person who committed the robbery. To falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: WRONGFUL ARREST UNDER 42 U.S.C. SECTION 1983

30. Plaintiff repeats, reiterates and re-allege each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

31. As a result of Defendants' aforementioned conduct, Plaintiff Dominick De Rosa, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be wrongly and falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

32. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

33. As a result of this wrongful and false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before her neighbors and peers. Plaintiff was discredited in the minds of many members of the community. A New York Newsday article stated that the Plaintiff was the individual who committed the robbery. No

retraction was ever printed.

34. Pursuant to 28 U.S.C. Section 1367, this COURT has pendent jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. SECTION 1983

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

36. Defendants issued legal process to place Plaintiff under arrest.

37. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

38. Defendants acted with intent to do harm to Plaintiff without excuse or justification. Defendants had possession of the gray sweater that the robbery perpetrator allegedly was wearing at the time of the robbery. The sweater was or should have been submitted to the NYPD Crime Lab for DNA analysis to see if plaintiff's DNA was on the sweater. The entire 18-month period that the plaintiff was incarcerated the NYPD failed to perform DNA analysis on the sweater or failed to produce the results that would have clearly exonerated the Plaintiff since none of his DNA was on the sweater. The Defendant New York City As recently as 2012 the NYPD was found to have training materials that continue to misstate the minimal constitutional standards for their officers.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTION 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

40. Defendants were directly and actively involved in the initiation of criminal

8

proceedings against the Plaintiff.

41. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants had the necessary evidence, such as the gray sweater that the perpetrator wore during the robbery, to exonerate the Plaintiff but choose to conceal the results of the DNA analysis or purposely failed to even test the gray sweater for DNA. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff. Defendants lacked probable cause to continue criminal proceedings against Plaintiff. This practice of misconduct was so sufficiently widespread that the Defendant New York City should be held to have assumed to have acquiesced in it, even in the absence of direct evidence of such acquiescence.

43. Defendants acted with malice in continuing criminal proceedings against Plaintiff. The criminal proceedings, case number 01557-2007, against Plaintiff were terminated in favor of Plaintiff on June 22, 2009.

## SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein. .

45. Defendants Police Officer Robert Krohley, Police Officer Mattern and Police Officers John Doe, (said names being fictitious, as the true names are presently unknown) who worked in the Crime Lab and processed the gray sweater worn by the perpetrator, conspired to wrongly imprisoned and wrongly convict the Plaintiff, DOMINICK De ROSA, DESPITE A COMPLETE LACK OF CAUSE AGAINST HIM, AND A

COMPLETE LACK OF CRIDIBLE DNA EVIDENCE AGAINST HIM.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of the Defendant New York City and the NYPD, all under the supervision of ranking officers of said department.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the Defendant New York City and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

49. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant New York City and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, Dominick De Rosa.

**50. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant New York City and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff Dominick De Rosa, as alleged herein.**

51. The foregoing customs, policies, usages, practices, procedures and rules of the

52. Defendant New York City and the NYPD were the moving force behind the constitutional violation suffered by the Plaintiff, Dominick De Rosa, as alleged herein.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff,

10

Dominick De Rosa.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

55. Defendant New York City, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of the liberty without due process of the law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983 and laws of the State of New York.

56. The Defendant New York City exercised deliberate indifference and purposely failed to provide more and/or better supervision and control of it's employees, agents and officers which resulted in serious civil rights violations against the Plaintiff. This in turn resulted in the Plaintiff being falsely accused, wrongly indicted and wrongly imprisoned for over one year and six months. Deliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious, but the New York City policymakers failed to make meaningful efforts to address the risk of harm to the plaintiff.

57. All of the foregoing acts by Defendants deprived Plaintiff, Dominick De Rosa, of federally protected rights, including, but not limited to, the right:

    a. **Not to be deprived of liberty without due process of law;**

    b. **To be free from seizure and arrest not based upon probable cause;**

c. To be free from unlawful imprisonment;

d. To be free from wrongful imprisonment;

e. To be free from unwarranted and malicious criminal prosecution;

f. To be free from excessive force and infliction of emotional distress;

g. Not to have cruel and unusual punishment imposed upon him; and

h. To know that the City of New York is doing everything that it can to sufficiently and adequately provide training and supervision to its employees, agents and officers so that Plaintiff and others like him will never again face a denial or deprivation of constitutional rights.

i. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
February 12, 2013

Respectfully Submitted,

*Herbert Moreira-Brown, Esq.*
Herbert Moreira-Brown, Esq.
Attorney for Plaintiff
4200-26c Hutchinson River Parkway E.
Bronx, New York 10475
(917) 328-3213

12