```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
DOMINICK DEROSA,

                    Plaintiff,

      -against-                                          **MEMORANDUM AND ORDER**

THE CITY OF NEW YORK, Police                             No. 12-CV-3114 (FB) (VMS)
Office ROBERT KROHLEY, Police
Officer MATTERN, Shield No. 14850,
and Police Officers "JOHN DOE #1-5"
(said name being fictitious as the true
names are presently unknown and
intended to represent police officers in
the employ the New York City Police
Department), individually and in their
official capacities,

                    Defendants.
------------------------------------------------x
```

*Appearances*
*For the Plaintiff:*                       *For the Defendants:*
HERBERT MOREIRA-BROWN, ESQ.                URIEL B. ABT, ESQ.
305 Broadway, Suite 805                    Assistant Corporation Counsel of the
New York, New York 10007                   City of New York
                                           100 Church Street
                                           New York, New York 10007

**BLOCK, Senior District Judge:**

　　Dominick Derosa alleges that named and unnamed officers of the New York City Police Department violated his federal constitutional rights by arresting and

prosecuting him for a robbery in Queens. He further alleges that the constitutional violations were the result of a policy of the City of New York.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), all defendants move to dismiss the complaint on the ground that a prior state-court lawsuit bars the current one under the doctrine of collateral estoppel. In the prior lawsuit, Derosa asserted state and federal claims against the City and unnamed officers; the claims arose from the same arrest and prosecution. The state court entered summary judgment in favor of the defendants, holding, *inter alia*, that there was "ample probable cause to arrest, detain and prosecute [Derosa.]" Decl. of Uriel B. Abt, Ex. C, at 5.[1]

"Federal courts 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Cloverleaf Realty, Inc. v. Town of Wawayanda*, 572 F.3d 93, 95 (2d Cir. 2009) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under New York law, "[c]ollateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party. . . , whether or not the tribunals or causes of action are the

---

[1] A copy of the state court's order has been submitted by defendants and can be considered by the Court on a motion to dismiss. *See Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.").

2

same.'" *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999) (quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984)). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Id.*

Derosa argues that the state court did not address his federal claims on the merits because he did not respond to "the defendants [sic] request to dismiss the federal claims." Pl.'s Mem. of Law at 12. The viability of those claims, however, was clearly challenged by the defendants and addressed by the state court; that Derosa chose not to respond does not mean that he did not have a full and fair opportunity to do so.

Moreover, collateral estoppel would still apply even if the state court had only addressed Derosa's state-law claims. The doctrine requires an identity of *issues*, not of claims or causes of action, *see Ryan*, 62 N.Y.2d at 500, and the existence of probable cause is a complete defense to claims of false arrest and malicious prosecution, whether based on § 1983 or state law. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of false arrest [and] continuing probable cause is a complete defense to a constitutional claim of malicious prosecution.").

3

Derosa's complaint alleges that the results of DNA testing on a sweatshirt found at the crime scene were not made available to him. Although that allegation is not—as far as the Court can tell—made as a separate claim, it is possible that Derosa is attempting to allege a violation of his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Derosa did not raise a *Brady* claim in the state-court proceeding, and the state-court's probable cause holding is not fatal to such a claim.

Nevertheless, the Second Circuit recently reiterated that "*Brady*-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the *Brady* violation occurred." *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (en banc) (emphasis omitted). Derosa, however, was never convicted; the charges against him were dismissed on speedy trial grounds. *See* Decl. of Uriel B. Abt, Ex. C, at 3. Since there was no trial, Derosa's right to a fair trial was not implicated. *See Leka v. Portuondo*, 257 F.3d 89, 104 (2d Cir. 2001) ("The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

For the foregoing reasons, defendants' motion to dismiss is granted and the complaint is dismissed.

**SO ORDERED.**

                                                                      /S/Frederic Block
                                                                       FREDERIC BLOCK
                                                                       Senior United States District Judge

Brooklyn, New York
August 11, 2014